```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SINCERE SMITH,                                                :
                Plaintiff,                                    :
v.                                                            :         OPINION AND ORDER
                                                              :
COUNTY OF WESTCHESTER,                                        :         17 CV 9858 (VB)
CORRECTION OFFICER FOLEY, and                                 :
CORRECTION OFFICER MONTE DE LEON,                             :
                Defendants.                                   :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Sincere Smith, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, claiming defendants County of Westchester (the "County"), Correction Officer ("C.O.") Foley, and C.O. Monte De Leon violated plaintiff's constitutional rights by failing to protect plaintiff from an inmate assault at the Westchester County Jail ("WCJ"). Plaintiff also sues C.O. Foley and C.O. Monte De Leon for negligence under New York law.

Now pending is defendants' motion to dismiss the second amended complaint pursuant to Rule 12(b)(6). (Doc. #33).

For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART. Plaintiff's claims against C.O. Foley shall proceed. All other claims are dismissed.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the second amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff was a pretrial detainee housed at WCJ at all relevant times.

1

On July 31, 2017, plaintiff and nonparty inmate Jordan Ruiz allegedly exchanged punches during an altercation at WCJ. After the fight, plaintiff alleges the facility placed plaintiff and Ruiz on keep-separate status and into protective custody.

On October 12, 2017, plaintiff claims he "was brought to the old jail clinic and placed in a bullpen." (Doc. # 31 ("SAC") at 4). Plaintiff alleges Ruiz was also brought to the old jail clinic and placed in a different bullpen. Plaintiff claims C.O. Foley then placed plaintiff and Ruiz into the same bullpen, even after plaintiff warned C.O. Foley that plaintiff and Ruiz were in protective custody and had an active keep-separate order, and despite the fact that plaintiff allegedly asked C.O. Foley not to place plaintiff and Ruiz together.

Ruiz allegedly assaulted plaintiff in the bullpen. C.O. Monte De Leon, who plaintiff alleges was working in the old jail clinic during the assault, submitted a disciplinary report documenting the incident, stating plaintiff and Ruiz punched each other in the head and body. Plaintiff allegedly suffered a "likely" concussion, headaches, and "minor back and neck injuries." (SAC at 5).

Plaintiff claims defendants failed to protect him from Ruiz's assault. Specifically, plaintiff alleges C.O. Foley violated the keep-separate order by placing plaintiff and Ruiz in the same bullpen, and that C.O. Monte De Leon was "working on post at the old jail clinic" at the time. (SAC at 5). In support, plaintiff relies on nonparty Sgt. Lindert's response to a grievance plaintiff submitted after the assault. Sgt. Lindert accepted plaintiff's grievance, continued the keep-separate order, noted plaintiff would remain in protective custody, and stated that "protocols are in place to assure similar incidents do not take place." (Doc. #42 ("Pl. Opp. Br.") at 11).

**DISCUSSION**

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[1]  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss." Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges a civil rights violation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . .

---

[1]  Unless otherwise indicated, case quotations omit all citations, internal quotation marks, footnotes, and alterations.

3

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II. Fourteenth Amendment Claim

   A. C.O. Foley and C.O. Monte De Leon

C.O. Foley and C.O. Monte De Leon argue plaintiff fails adequately to plead they violated plaintiff's Fourteenth Amendment rights.

The Court disagrees as to C.O. Foley but agrees as to C.O. Monte De Leon.

Because plaintiff was a pretrial detainee at all relevant times, the Court analyzes his failure-to-protect claim under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).

The Constitution imposes on jail officials "a duty to . . . protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). To plausibly allege a failure-to-protect claim, a plaintiff must satisfy an objective prong and a mens rea prong. To plead the objective prong, a plaintiff must plausibly allege "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." Darnell v. Pineiro, 849 F.3d at 29. This occurs when "the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [the plaintiff's] health." Id. at 30.

"There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Darnell v. Pineiro, 849 F.3d at 30. In the failure-to-protect context, however, "[a] substantial risk of serious harm can be demonstrated where there is evidence of a previous altercation between a plaintiff and an attacker, coupled with a complaint by a plaintiff regarding

4

the altercation or a request by [a] plaintiff to be separated from the attacker." Rennalls v. Alfredo, 2015 WL 5730332, at *4 (S.D.N.Y. Sept. 30, 2015).[2]

To plead the mens rea prong, a pretrial detainee must plausibly allege "that the defendant-official acted intentionally . . . or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known," of the risk. Darnell v. Pineiro, 849 F.3d at 35. The Fourteenth Amendment's mens rea prong "is defined objectively" and "can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." Id. A plaintiff can sufficiently plead a failure-to-protect claim "when [the] inmate inform[ed] corrections officers about a specific fear of assault and [was] then assaulted." Beckles v. Bennett, 2008 WL 821827, at *17 (S.D.N.Y. Mar. 26, 2008) (collecting cases).

Plaintiff adequately pleads the objective prong. WCJ allegedly issued a keep-separate order in response to a previous fistfight between plaintiff and Ruiz. According to plaintiff, that keep-separate order was in place on October 12, 2017, and barred plaintiff from being placed in the same bullpen as Ruiz. The Court infers that WCJ issued the keep-separate order in response to a risk of serious physical harm to plaintiff. Accordingly, plaintiff plausibly alleges Ruiz posed a substantial risk of serious harm to plaintiff's safety on October 12, 2017.

Plaintiff also adequately pleads the mens rea prong as to C.O. Foley. Plaintiff alleges he told C.O. Foley about the keep-separate order and asked C.O. Foley not to place plaintiff and Ruiz in the same bullpen. But C.O. Foley allegedly did so anyway, violating the keep-separate

---

[2] The Court will provide plaintiff copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

order and causing the assault. Assuming these allegations are true—as the Court must at this early stage of the case—plaintiff plausibly alleges C.O. Foley knew or should have known, but intentionally or recklessly disregarded, that Ruiz posed a substantial risk of harm to plaintiff's safety.

However, plaintiff fails adequately to plead the <u>mens</u> <u>rea</u> prong as to C.O. Monte De Leon. Plaintiff claims C.O. Monte De Leon was on duty at the old jail clinic and knew about the keep-separate order at the time of the October 12, 2017, assault. However, plaintiff fails to plead any facts suggesting C.O. Monte De Leon played any role in placing plaintiff and Ruiz in the same bullpen or otherwise caused the October 12, 2017, assault in any manner. Absent anything more, C.O. Monte De Leon's mere presence at the old jail clinic when the assault took place does not give rise to a constitutional claim.

Accordingly, the Court dismisses plaintiff's Section 1983 claim against C.O. Monte De Leon. However, plaintiff's Section 1983 claim against C.O. Foley shall proceed.

B. <u>Monell Claim</u>

The County argues plaintiff fails to state a claim under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

The Court agrees.

A municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. at 694. Thus, to assert a Section 1983 claim against the County, plaintiff must plausibly allege the existence of an official policy or custom that caused injury, and a direct

causal connection between that policy or custom and the deprivation of a constitutional right. Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010). Without more, though, allegations that a defendant "acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." Missel v. County of Monroe, 351 F. App'x 543, 545–46 (2d Cir. 2009) (summary order).

Plaintiff fails to allege any facts suggesting the County had a policy or custom that caused a violation of plaintiff's constitutional rights. Plaintiff asserts "the municipality is the cause of my constitutional injury because the policy/custom/keep separate orders are not [e]nforced well enough and or taken serious[ly] enough to ensure inmate/Detainee safety." (Pl. Opp. Br. at 6). Plaintiff also claims the County has a policy of allowing correction officers to "ignore" protocols. (Id.). However, C.O. Foley's single alleged violation of WCJ's keep-separate protocol does not support plaintiff's claim that the County maintained or countenanced a custom or policy that caused plaintiff's alleged injuries. Thus, plaintiff plainly fails to state a Monell claim.

7

Accordingly, the Court dismisses plaintiff's claim against the County.

III.  Negligence Claim

   A.  C.O. Monte De Leon

C.O. Monte De Leon argues plaintiff's negligence claim against him should be dismissed.

The Court agrees.

"Under New York law, . . . a plaintiff must establish three elements to prevail on a negligence claim: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result." Aegis Ins. Servs., Inc. v. 7 World Trade Co., 737 F.3d 166, 177 (2d Cir. 2013).

As explained above, the second amended complaint bears no indication that C.O. Monte De Leon played any role in the October 12, 2017, assault, aside from his mere presence "on post at the old jail clinic" when it occurred. (SAC at 5). Accordingly, plaintiff fails adequately to plead C.O. Monte De Leon breached a duty he owed to plaintiff, rendering plaintiff's negligence claim against C.O. Monte De Leon deficient as a matter of law.

The Court therefore dismisses plaintiff's negligence claim against C.O. Monte De Leon.

   B.  C.O. Foley

C.O. Foley argues the Court should dismiss plaintiff's negligence claim against him for failure to allege plaintiff timely filed a notice of claim.

The Court disagrees.

"In New York, filing a Notice of Claim with a municipality is a condition precedent to commencing a tort claim against any employee of that municipality." Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 396 (S.D.N.Y. 2013) (citing N.Y. Gen. Mun. Law §§ 50-

(e)(1)(a), 50-i(1)). "Failure to comply with [this] requirement[] ordinarily requires a dismissal for failure to state a cause of action." Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 794 (2d Cir. 1999). "The test of the sufficiency of a Notice of Claim is merely whether it includes information sufficient to enable the [municipality] to investigate. Nothing more may be required." Brown v. City of New York, 95 N.Y.2d 389, 393 (2000). Thus, a "growing number of courts in this Circuit" have held that a notice of claim need not "specifically name each individual defendant as a respondent." Joseph v. Deluna, 2018 WL 1474398, at *6 (S.D.N.Y. Mar. 23, 2018); see, e.g., Chamberlain v. City of White Plains, 986 F. Supp. 2d at 396–97.

Plaintiff attached to his opposition to the pending motion what appears to be a notarized notice of claim dated November 2, 2017, naming the "Westchester [C]ounty Dept of [C]orrections" as the lone respondent. (Pl. Opp. Br. at 12–13).[3] The document asserts Ruiz approached and attacked plaintiff on October 12, 2017, between 12:00 and 1:00 p.m., when plaintiff and Ruiz "already ha[d] keep separate orders from a previous altercation from about 2 [months] ago." (Id. at 12).

The Court must assume as true, for purposes of the present motion, plaintiff's assertion that he timely filed this notice of claim, which on its face contains "information sufficient to enable" Westchester County "to investigate" plaintiff's allegations. Brown v. City of New York, 95 N.Y.2d at 393. The Court therefore declines to dismiss plaintiff's negligence claim against C.O. Foley on this basis.

---

[3] Because plaintiff is proceeding pro se, the Court properly considers exhibits to plaintiff's opposition brief for purposes of the motion to dismiss. See, e.g., Dawkins v. Biondi Educ. Ctr., 164 F. Supp. 3d 518, 521 n.1 (S.D.N.Y. 2016).

## CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's claims against C.O. Monte De Leon and the County of Westchester are dismissed. Plaintiff's Section 1983 and negligence claims against C.O. Foley shall proceed.

The Clerk is instructed to (i) terminate the motion (Doc. #33) and (ii) terminate defendants C.O. Monte De Leon and County of Westchester.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: July 9, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge